# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| RUSSELL ROSSER, ) | |
| ) | **Civil Action No.** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| COLLECTO, INC. d/b/a EOS CCA, ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and Plaintiff resides in this district.

### PARTIES

4. Plaintiff Russell Rosser ("Plaintiff") is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Collecto, Inc. d/b/a EOS CCA ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the

business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a foreign for-profit corporation organized under the laws of the Commonwealth of Massachusetts.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on April 2, 2013 at 11:17 A.M., and at such time, left the following voicemail message:

> Important that we speak with you. We'll be with you shortly. Thank you. [8 seconds of silence]. Hello. Please hold for the first available representative. It's important that we speak with you. We'll be with you

shortly.  Thank you.  [6 seconds of background noise].
Hello?

13. Defendant's April 2, 2013 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

14. Further, Defendant failed to disclose its true corporate and/or business name in its April 2, 2013 voicemail message.

15. By failing to disclose that the communication was from a debt collector and failing to disclose its true corporate and/or business name in its April 2, 2013 voicemail messages Defendant failed to meaningfully disclose its identity to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

16. Plaintiff repeats and re-alleges each and every factual allegation above.

17. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

18. Plaintiff repeats and re-alleges each and every factual allegation above.

19. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

RUSSELL ROSSER

By his attorneys,

/s/ Gina DeRosier Greenwald
Gina DeRosier Greenwald
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida  33431
Telephone: 561-826-5477

Dated: April 2, 2014